# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

DAVID WAYNE SPIVEY, JR.,

              Plaintiff,

   v.

NEIL McDOWELL, WARDEN,

              Respondent.

)
)
)
)
)
)
)
)
)
)
)

No. CV 16-1619 FFM

**ORDER TO SHOW CAUSE WHY
THE PETITION SHOULD NOT BE
DISMISSED AS UNTIMELY**

      On March 8, 2016, Petitioner David Wayne Spivey, Jr. ("Petitioner"), a California prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254.  The Petition challenges Petitioner's 2010 sentence for first degree murder and other crimes.

## 1.   LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS

      The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling.  See 28 U.S.C. § 2244(d)(1).  For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-

(D).  *See, Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001).  Where, as here, the challenged judgment was affirmed by the state's highest court, the period of direct review ends either when the petitioner failed to file a certiorari petition in the United States Supreme Court and the 90-day period for doing so has expired, or when the Supreme Court has ruled on a filed petition.  *See Clay v. United States*, 537 U.S. 522, 527–32 and nn.3–4 (2003); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

In this case, Petitioner does not appear to have filed a petition for certiorari in the United States Supreme Court.  (*See* Petition at 5).  Thus, under section 2244(d)(1)(A), Petitioner's conviction became final 90 days after the denial of the petition for review by the California Supreme Court.  *See Clay*, 537 U.S. at 527–32 and nn.3, 4; 28 U.S.C. § 2101(d); Sup. Ct. R. 13.1.  Therefore, Petitioner's conviction became final on November 20, 2012.  Accordingly, the one-year limitations period expired on November 20, 2013.  *See Patterson*, 251 F.3d at 1245–47.  Because Petitioner did not initiate the current proceedings until March 8, 2016, the present action is untimely, absent statutory or equitable tolling.  *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

## 2.  STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner filed his first state collateral challenge because there is no case "pending."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *overruled on other grounds by Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008).  Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review."  *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (per curiam) (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)), *abrogated on other grounds by Evans v. Chavis*, 546

U.S. 189 (2006).  "One full round" generally means that the statute of limitations is tolled while a petitioner is properly pursuing post-conviction relief, from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge.  *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at 819.  The period tolled includes the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable."  D*elhomme*, 340 F.3d at 819 (citing *Biggs*, 339 F.3d at 1048 n.1).

Here, Petitioner's conviction became final on November 20, 2012.  He filed his initial state habeas petition in the Los Angeles County Superior Court on January 11, 2013, 52 days later.  (Petition at 3).  This filing started tolling the one-year limitations period.  The Superior Court denied the petition on June 10, 2013.  (Petition at 4).  Petitioner subsequently filed a petition in the California Court of Appeal, which denied his petition on July 11, 2013.  (Petition at 4).  Petitioner then filed a petition in the California Supreme Court, which denied him relief on January 29, 2014, thereby ending the statutory tolling period.  *See* http://appellatecases.courtinfo.ca.gov/index.html (last visited March 10, 2016).  From that date, Petitioner had 313 days remaining to file a federal habeas petition.  Accordingly, the one-year limitations period expired on December 8, 2014.  Therefore, the Petition is untimely even with added statutory tolling.

## 3.    EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible and the petitioner has acted diligently in pursuing his rights.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The petitioner bears the burden of showing that equitable tolling is appropriate.  *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner has not made any allegation suggesting that equitable tolling is appropriate.  Petitioner has made no showing of extraordinary circumstances or of

3

diligence and, therefore, has not demonstrated that he is entitled to equitable tolling.

**4.  ACTUAL INNOCENCE**

Although federal courts have not recognized "actual innocence" as a cognizable claim in federal court, a petitioner may overcome the one-year limitations period upon a showing of actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935–36 (2013). However, this standard requires a petitioner to show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* This exception works independently of the doctrine of equitable tolling. *Id.* at 1931–32.

Here, it is unclear whether Petitioner is claiming that he did not commit the crime for which he is convicted. If Petitioner is unable to make such a showing, he must demonstrate that he is entitled to equitable tolling, as discussed above, in order to proceed.

**5.  ORDER TO SHOW CAUSE**

Under the allegations and facts of the Petition, Petitioner has not demonstrated that he is entitled to a later start date of the limitations period. Therefore, and because the Petition does not demonstrate any basis for tolling the statute, or for setting aside the one-year limitation, the Court orders Petitioner to show cause in writing within 30 days of the date of this order why the Petition should not be dismissed as time-barred. If Petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred.

IT IS SO ORDERED.

Dated: March 16, 2016

_____/S/FREDERICK F. MUMM_____
FREDERICK F. MUMM
UNITED STATES MAGISTRATE JUDGE

4